UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

331 FREEPORT PARTNERS, LLC,
a Florida Limited Liability Company,

Plaintiff,

v.

331 PARTNERS, LLC,
a Georgia Limited Liability Company

Defendant.
_____

Case No.: 25-cv-00863-TKW-ZCB

**AMENDED COMPLAINT FOR DECLARATORY
RELIEF AND BREACH OF CONTRACT**

Plaintiff, 331 Freeport Partners, LLC ("Seller"), by and through undersigned counsel and pursuant to 28 U.S.C. § 2201(a) and *Fed. R. Civ. P.* 57, hereby brings this Amended Complaint For Declaratory Relief and Breach of Contract against defendant, 331 Partners, LLC ("Buyer"), and says:

**JURISDICTION AND VENUE**

1.  The Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees.

Case 3:25-cv-00863-TKW-ZCB   Document 14   Filed 08/19/25   Page 2 of 17

*331 Freeport Partners, LLC v. 331 Partners, LLC*
*Amended Complaint for Declaratory*
*Relief and Breach of Contract*
Page 2 of 17

2. Venue is proper in the Northern District of Florida pursuant to 28 U.S.C. § 1391(b) because the property at issue is located within this District, and specifically in the Pensacola Division of the Court because a substantial part of the events giving rise to this action occurred in Walton County, Florida.

3. All conditions precedent to filing this action have been performed, waived, or excused.

4. Seller has retained undersigned counsel and is obligated to pay it a reasonable fee.

## FACTUAL ALLEGATIONS

**Buyer and Seller enter into the Contract, and the Court has ruled that Seller's trigger notice and Buyer's Response were effective, and the Inspection Period has Ended.**

5. On or about July 6, 2021, Seller and Buyer entered into a Vacant Land Contract (the "Contract") for the purchase and sale of just over 1,000 acres of unimproved real property located in Walton County, Florida. The Contract is attached as Exhibit "1."

6. After a dispute arose under the Contract, Buyer filed an action for declaratory relief, in the United States District Court for the Northern District of Florida, Case No.: 3:23-cv-24769-TKW-ZCB, on December 27, 2023 (the "First Dec Action"). Therein, Buyer sought a declaration that the Contract was valid and

Case 3:25-cv-00863-TKW-ZCB   Document 14   Filed 08/19/25   Page 3 of 17

*331 Freeport Partners, LLC v. 331 Partners, LLC*
*Amended Complaint for Declaratory*
*Relief and Breach of Contract*
**Page 3 of 17**

enforceable, and remained an executory contract. *See* D.E. 1 in the First Dec Action at *ad damnum* clause.

7. Buyer and Seller filed cross-motions for summary judgment in the First Dec Action. *See* D.E. 40, 43.

8. On February 5, 2025, the Court held oral argument on the cross-motions for summary judgment, and later that day, entered its *Order on Cross-Motions for Summary Judgment* [D.E. 53], which granted Buyer's motion and denied Seller's motion.

9. Specifically, in its Order, the Court instructed the Clerk of Court to enter a declaratory judgment stating:

> The contract between the parties was valid from the outset and is still in effect. The "trigger notice" was properly sent and timely responded to. The parties are now in the post-inspection period under the contract and the $250,000 earnest money deposit is now "at risk" if Plaintiff does not close. The parties remain obligated to abide by the terms and conditions in the contract.

10. The Clerk entered the declaratory judgment on February 5, 2025, which included the language above ("First Dec Action Judgment"). *See* D.E. 54.

11. The Contract provides for up to four sequential scheduled closings, known as the 1st, 2nd, 3rd, and 4th scheduled closings. *See* Contract at Ex. A, § 5. The Contract also states that "in no event shall the 1st scheduled closing extend beyond a

Case 3:25-cv-00863-TKW-ZCB   Document 14   Filed 08/19/25   Page 4 of 17

*331 Freeport Partners, LLC v. 331 Partners, LLC*
*Amended Complaint for Declaratory*
*Relief and Breach of Contract*
Page 4 of 17

period that exceeds Twenty-Four (24) months from the expiration of the Inspection Period." *Id.* The 1st Scheduled Closing[1] is referred to in this Amended Complaint as the "Outside Closing Date."

12. Additionally, the Contract requires that "Seller and Buyer will use diligence and good faith in performing all obligations under this Contract." *See* Contract at § 15.

**Seller sends an effective trigger notice to Buyer. Buyer responds in writing and pays the Additional Earnest Money Deposit thereby marking the end of the Inspection Period.**

13. On or about June 15, 2023, Seller sent Buyer what the parties and the Court in the First Dec Action have referred to as the "trigger notice." *See* Contract at Ex. A, § 4. The trigger notice represented Seller's right to trigger the end of the Inspection Period, and force the Buyer to choose to either (i) walk away from the Contract and receive a refund of its deposit; or (ii) proceed into the post-inspection period under the Contract, pay an Additional Earnest Money Deposit (which would be at risk), and proceed toward closing. *See* Contract at Ex. A, § 4.[2]

---

[1]   All capitalized terms which are not provided with definitions in this Amended Complaint shall have the meanings ascribed to them in the Contract.

[2]   Section 4 of Ex. A of the Contract states: "In the event that after One Hundred Fifty (150) days after the Effective Date the Seller determines in its reasonable discretion that (i) the City Approval is not available within the next ninety (90) days or will not be obtainable by the parties after diligent application, or (ii) water / sewer availability is not available or obtainable by the partes for the Property… then Seller may elect to require Buyer to make its determination within

Case 3:25-cv-00863-TKW-ZCB   Document 14   Filed 08/19/25   Page 5 of 17

*331 Freeport Partners, LLC v. 331 Partners, LLC*
*Amended Complaint for Declaratory*
*Relief and Breach of Contract*
Page 5 of 17

14. In response to the trigger notice, Buyer sent correspondence to Seller on July 17, 2023, indicating that it would proceed to the post-inspection period under the Contract and towards closing ("Buyer's Response"). *See* Exhibit "2."

15. Then, on or about August 15, 2023, Buyer paid the $200,000.00 Additional Earnest Money Deposit. *See* Exhibit "3." Under the Contract, the Additional Earnest Money Deposit was due "within three (3) business days of the *expiration* of the Inspection Period…" *See* Contract at Ex. A, § 3 (emphasis added.)

16. Buyer admitted in its motion for summary judgment in the First Dec Action that if the trigger notice was effective, "the Contract is now in the post-Inspection Period…" *See* D.E. 40 at p. 19.

17. During oral argument in the First Dec Action, Buyer further confirmed that if the trigger notice was effective, it marked the end of the Inspection Period:

> THE COURT: I guess let's start there then. Why does it matter whether the trigger notice was effective or not when you responded to it?
>
> BUYER'S COUNSEL: As a practical matter, Your Honor, it just determines whether the parties are in the inspection period or the postinspection period. The postinspection period, once the parties enter into that time frame, there's the 24-month deadline that applies. Whereas, if we're in the Inspection Period whether to proceed with the Agreement and make the Additional Earnest Money Deposit whereupon the Earnest Money would be at risk subject to the terms and conditions herein, or to terminate the Agreement…"

Rennert Vogel Mandler & Rodriguez, P.A.
100 Southeast Second Street · Suite 2900 · Miami, Florida 33131 · Telephone (305) 577 4177
2000 Glades Road · Suite 204 · Boca Raton, Florida 33431 · Telephone (561) 287 4440
www.rvmrlaw.com

Case 3:25-cv-00863-TKW-ZCB   Document 14   Filed 08/19/25   Page 6 of 17

*331 Freeport Partners, LLC v. 331 Partners, LLC*
*Amended Complaint for Declaratory*
*Relief and Breach of Contract*
Page 6 of 17

the inspection period, that -- the defects and the trigger notice still need to be cured.

Transcript of February 5, 2025 Hearing ("MSJ Hearing Trans.") at p. 5.

18. When faced with a question from the Court regarding whether the Inspection Period could be deemed indefinite, Buyer unequivocally stated that "[w]ithout a doubt" the Seller's sending of the trigger notice represented "absolutely the ability to put the endpoint from the [Seller]." *Id.* at pp. 21-22.

19. The Court ultimately found that the trigger notice was effective as it was "properly sent and timely responded to." *See* D.E. 53, 54.

**The Outside Closing Date should be *July 17, 2025.***

20. The Contract provides that the Outside Closing Date "in no event shall … extend beyond a period that exceeds Twenty-Four (24) months from the expiration of the Inspection Period." *See* Contract at Ex. A, § 5.

21. In fact, Buyer admitted that to stray from the Contract's terms and find that the Inspection Period ended on some other arbitrary date, for example from the date of the First Dec Action Judgment, would require some form of equitable relief from the Court:

> THE COURT: But that would be an equitable determination of some sort. There's nothing in the contract that says these time periods are tolled pending litigation, I assume.

Case 3:25-cv-00863-TKW-ZCB   Document 14   Filed 08/19/25   Page 7 of 17

*331 Freeport Partners, LLC v. 331 Partners, LLC*
*Amended Complaint for Declaratory*
*Relief and Breach of Contract*
Page 7 of 17

> BUYER'S COUNSEL: Agreed, your honor. I think that would probably be best characterized as equitable remedy.

*See* MSJ Hearing Trans. at pp. 9-10.

22. There is no basis in law or in fact to deviate from the terms of the Contract and award equitable relief.

23. Therefore, a declaratory judgment should be entered finding that Outside Closing Date should be calculated as being 24 months from the date of Buyer's Response, *i.e.*, July 17, 2025.

24. On April 21, 2025, Buyer sent correspondence to Seller which clearly conveyed that Buyer views the Outside Closing Date as February 5, 2027. *See* Exhibit "4." ("[T]he first closing must therefore occur no later than Friday, February 5, 2027.")

25. Thereafter, on April 24, 2025, Seller sent a written response to Buyer, which among other things, stated "Seller expects Buyer to close on the Property by July 17, 2025." *See* Exhibit "5."

26. On June 19, 2025, Seller sent a closing notice to Buyer again making clear that the Outside Closing Date is July 17, 2025, and that Seller is ready, willing, and able to close on or before that date. *See* Exhibit "6."

Case 3:25-cv-00863-TKW-ZCB   Document 14   Filed 08/19/25   Page 8 of 17

*331 Freeport Partners, LLC v. 331 Partners, LLC*
*Amended Complaint for Declaratory*
*Relief and Breach of Contract*
Page 8 of 17

27. Seller has been ready, willing and able to close, and prepared for and expected the Buyer to close by the Outside Closing Date. Despite this, the Buyer has not closed by the Outside Closing Date.

**First alternative relief sought by Seller in Declaratory Judgment: The Outside Closing Date should be *August 16, 2025.***

28. As a first alternative, the Court should find that the Outside Closing Date should be calculated as being 24 months from the date of Buyer's payment of the Additional Earnest Money Deposit, *i.e.*, August 16, 2025.

**Second alternative relief sought by Seller in Declaratory Judgment: The Outside Closing Date should be *August 4, 2025.***

29. As a second alternative, the Court should find that the Outside Closing Date should be August 4, 2025.

30. The Contract provides that the Outside Closing Date "shall be" on the later date of: "(a) 180 days following the expiration of the Inspection Period, or (b) the date the City delivers adequate water and sewer to the Property (or the Designated Takedown for the 1st Closing), or (c) such other date as Buyer and Seller may mutually agrees to in writing" but in no event shall the Outside Closing Date extend beyond 24 months from the expiration of the Inspection Period. Contract at Ex. A, § 5.

Case 3:25-cv-00863-TKW-ZCB   Document 14   Filed 08/19/25   Page 9 of 17

*331 Freeport Partners, LLC v. 331 Partners, LLC*
*Amended Complaint for Declaratory*
*Relief and Breach of Contract*
Page 9 of 17

31. Regarding subsection 5(a) referenced above, during the First Dec Action and even after the First Dec Action concluded, Buyer asserted that the Inspection Period ended on February 5, 2025, *i.e.*, the date the Court entered the *Order on Cross-Motions for Summary Judgment*. *See, e.g.*, Exhibit 4 (Buyer's letter to Seller on April 21, 2025, maintaining that Inspection Period ended on February 5, 2025).

32. Assuming, *arguendo*, that the Inspection Period ended on February 5, 2025, the Outside Closing Date would be the later of August 4, 2025, *i.e.*, 180 days from February 5, 2025 (under subsection 5(a) referenced above) or the date the City delivers adequate water and sewer to the property (under subsection 5(b) referenced above).

33. However, subsection 5(b) does not apply because Buyer is required to close or lose its deposit irrespective of water and sewer delivery. By paying the Additional Earnest Money in response to the trigger notice, the Court found in First Dec Action that Buyer put its earnest money deposit at risk and waived any ability it had to cancel the Contract due to inadequate water and sewer. It follows, then, that Buyer cannot rely on subsection 5(b) since the Court found that Buyer is required to close (or forfeit its deposit) regardless of the availability of water and sewer.

Case 3:25-cv-00863-TKW-ZCB   Document 14   Filed 08/19/25   Page 10 of 17

*331 Freeport Partners, LLC v. 331 Partners, LLC*
*Amended Complaint for Declaratory*
*Relief and Breach of Contract*
**Page 10 of 17**

34. At the hearing on cross-motions for summary judgment in the First Dec Action, the Court ruled as follows:

> I do interpret those provisions … about the water and sewer not being available, not closing to be in a -- in the context of a situation where the trigger notice was not sent. Because that to me is the only way you can harmonize all these provisions, particularly the at-risk, specific at-risk provision of the money being put up after the trigger notice. It just wouldn't make any sense under this contract. And because it was a critical component in my mind of making this a valid contract, it would just absolutely make no sense to say that that money is still refundable, again absent agreement of the parties which is provided for, but if they walk away because of some sewer issue at this point.

MSJ Hearing Trans. at p. 85.[3]

35. Simply put, the Contract permitted Buyer to cancel the Contract and have its deposit returned if the City did not deliver water and sewer within 24 months, however, Buyer's cancellation rights expired when Buyer paid the Additional Earnest Money in response to the trigger notice. In fact, the entire

---

[3] *See also* Order on Cross-Motions for Summary Judgment (stating, "The contract between the parties was valid from the outset and is still in effect. The "trigger notice" was properly sent and timely responded to. The parties are now in the post-inspection period under the contract and the $250,000 earnest money deposit is now "at risk" if Plaintiff does not close."); MSJ Hearing Trans. at p. 82 (where the Court states, "the declaration that you'd be entitled to here, is that the contract is valid, is still in effect. Your $250,000 earnest money is at risk. You don't close on the contract, you lose $250,000.").

Case 3:25-cv-00863-TKW-ZCB   Document 14   Filed 08/19/25   Page 11 of 17

*331 Freeport Partners, LLC v. 331 Partners, LLC*
*Amended Complaint for Declaratory*
*Relief and Breach of Contract*
**Page 11 of 17**

rationale behind the trigger notice was to eliminate any uncertainty over water and sewer and Approvals.[4]

36. Even if subsection 5(b) does apply, subsection 5(b) has been satisfied because the City delivered adequate water and sewer to the Property prior to August 4, 2025.

37. Moreover, even assuming, *arguendo*, that somehow Buyer argued subsection 5(b) has not been satisfied, meaning the whatever water and sewer the City ran was not delivered *to the Property* or was *inadequate*, that is purely a result of Buyer sitting on its hands and failing to pay associated fees or otherwise take the necessary steps within Buyer's control.

38. Accordingly, Buyer cannot shelter under subsection 5(b) and delay the Outside Closing date past 180 days from February 5, 2025. *See* Contract at Ex. A, § 5.

---

[4] *See* trigger notice provision of Contract, Ex. A at ¶ 4 (stating that if after 150 "days after the Effective Date the Seller determines in its reasonable discretion that (i) the City Approval is not available within the next ninety (90) days or will not be obtainable by the parties after diligent application, or (ii) water / sewer availability is not available or obtainable by the partes for the Property… then Seller may elect to require Buyer to make its determination within the Inspection Period whether to proceed with the Agreement and make the Additional Earnest Money Deposit whereupon the Earnest Money would be at risk subject to the terms and conditions herein, or to terminate the Agreement…").

Case 3:25-cv-00863-TKW-ZCB   Document 14   Filed 08/19/25   Page 12 of 17

*331 Freeport Partners, LLC v. 331 Partners, LLC*
*Amended Complaint for Declaratory*
*Relief and Breach of Contract*
Page 12 of 17

**Buyer's position as to the Outside Closing Date would require the Court to impermissibly redraft the Contract in a manner incompatible with Florida law.**

39. The Court should also reject any newly invented argument from Buyer that the Inspection Period should end on the date the Court makes a finding that Buyer is entitled to a contiguous, uninterrupted 24-month Post-Inspection Period. The Contract is unambiguous. The Contract does not state that Buyer is entitled to a contiguous, uninterrupted 24-month Post-Inspection Period. Imposing a contiguous, uninterrupted 24-month Post-Inspection Period would impermissibly require the Court to rewrite the Contract. Additionally, the Court has already ruled that the Inspection Period has ended, therefore, any argument to the contrary would run afoul of the final order issued by the Court and the Fist Dec Action Judgment issued by the Clerk. *See* Order on Cross-Motions for Summary Judgment ("[t]he parties are now in the post-inspection period under the contract"); *see also* First Dec Action Judgment [D.E. 54].

40. Accordingly, the Court should find that the Outside Closing Date should be August 4, 2025.

## COUNT I:
## DECLARATORY RELIEF

41. Seller repeats allegations 1 through 40 above.

Case 3:25-cv-00863-TKW-ZCB   Document 14   Filed 08/19/25   Page 13 of 17

*331 Freeport Partners, LLC v. 331 Partners, LLC*
*Amended Complaint for Declaratory*
*Relief and Breach of Contract*
**Page 13 of 17**

42. A current dispute exists between Seller and Buyer as to when the Outside Closing Date occurs under the Contract.

43. Seller maintains that based on the terms of the Contract, the Court's Order on Cross-Motions for Summary Judgment and First Dec Action Judgment, and the date of Buyer's Response, the Outside Closing Date should be July 17, 2025; or alternatively August 16, 2025; or alternatively August 4, 2025.

44. The Buyer contends that, apparently based on equitable principles and/or the Contract, (i) the Inspection Period ended on February 5, 2025, *i.e.*, the date the Court entered the Order on Cross-Motions for Summary Judgment and First Dec Action Judgment, and the Outside Closing Date should be 24 months later, on February 5, 2027; or alternatively (ii) the Court should find that the Buyer is entitled to a contiguous, uninterrupted 24-month Post-Inspection Period, the Inspection Period should end on the date the Court makes such finding, and the Outside Closing Date should be 24 months from the date the Court makes such finding; or alternatively (iii) the Court should consider the Seller's conduct and set a date certain for the Outside Closing Date.

45. There is a bona fide dispute between the Seller and Buyer and an actual, present and practical need for a declaration as to what constitutes the Outside Closing Date under the Contract.

Case 3:25-cv-00863-TKW-ZCB   Document 14   Filed 08/19/25   Page 14 of 17

*331 Freeport Partners, LLC v. 331 Partners, LLC*
*Amended Complaint for Declaratory*
*Relief and Breach of Contract*
**Page 14 of 17**

46. The requested declaration deals with a present, ascertained or ascertainable state of facts or presents controversy as to the rights of Buyer and Seller under the Contract.

47. Some immunity, power, privilege or right of Seller is dependent upon the facts or the law applicable to the facts.

48. Seller and Buyer have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law.

49. The antagonistic and adverse interests are all before the Court by proper process and the relief sought is not merely giving of legal advice by the courts or the answer to questions propounded from curiosity.

WHEREFORE, Seller requests a judgment in its favor, and against Buyer, declaring:

(i) the Outside Closing Date is calculated from the date of Buyer's Response (July 17, 2023), and therefore is no later than July 17, 2025 per Section 5 of Exhibit A to the Contract, and the Outside Closing Date shall not be tolled or delayed based on equitable principles; *or alternatively*

(ii) the Outside Closing Date is calculated from the date of Buyer's payment of the Additional Earnest Money Deposit (August 15, 2023),

Case 3:25-cv-00863-TKW-ZCB   Document 14   Filed 08/19/25   Page 15 of 17

*331 Freeport Partners, LLC v. 331 Partners, LLC*
*Amended Complaint for Declaratory*
*Relief and Breach of Contract*
**Page 15 of 17**

and therefore is no later than August 16, 2025 per Section 5 of Exhibit A to the Contract, and the Outside Closing Date shall not be tolled or delayed based on equitable principles; *or alternatively*

(iii) Buyer cannot shelter under subsection (b) of Section 5 of Exhibit A to the Contract (concerning the City's delivery of water and sewer to the Property) to delay the Outside Closing date past the date which is 180 days from February 5, 2025, therefore, the Outside Closing Date is no later than August 4, 2025.

(iv) the Outside Closing Date is fixed as a date certain under the Contract in accordance with (i), (ii) or (iii) above, or otherwise in accordance with the Contract; and

(v) granting such other and further relief as the Court deems just and proper.

## COUNT II:
## BREACH OF CONTRACT

50. Seller repeats allegations 1 through 40 above.

51. Seller and Buyer entered into the Contract for the purchase and sale of just over 1,000 acres of unimproved real property located in Walton County, Florida. *See* Contract.

52. The Contract is valid and enforceable.

Case 3:25-cv-00863-TKW-ZCB   Document 14   Filed 08/19/25   Page 16 of 17

*331 Freeport Partners, LLC v. 331 Partners, LLC*
*Amended Complaint for Declaratory*
*Relief and Breach of Contract*
Page 16 of 17

53. Seller has performed its obligations under the Contract.

54. Buyer materially breached the Contract by: (i) failing to close by the Outside Closing Date, which was July 17, 2025; *or alternatively* August 16, 2025; *or alternatively* August 4, 2025; and/or (ii) failing to act diligently and in good faith in performing all obligations under the Contract.

55. As a direct and proximate result of Seller's breach, Buyer has suffered damages.

WHEREFORE, Seller prays for entry of a final judgment in its favor and against Buyer for an amount determined to be due, Seller's retention of the $250,000 earnest money deposit and all other amounts Buyer paid and has agreed to pay as deposits under the Contract, and Seller's relief from all obligations under the Contract, plus an award of reasonable attorneys' fees and costs pursuant to the Contract and Florida law.

*[Signature Block and Certificate of Service Appears on the Following Page.]*

Case 3:25-cv-00863-TKW-ZCB   Document 14   Filed 08/19/25   Page 17 of 17

*331 Freeport Partners, LLC v. 331 Partners, LLC*
*Amended Complaint for Declaratory*
*Relief and Breach of Contract*
Page 17 of 17

DATED: August 19, 2025

        Respectfully submitted,

**RENNERT VOGEL MANDLER & RODRIGUEZ, P.A.**
*Attorneys for 331 Freeport Partners, LLC*
Miami Tower, Suite 2900
100 S.E. Second Street
Miami, Florida 33131
Telephone: (305) 577-4177
servicerobertstein@rvmrlaw.com
servicelaurenwhaley@rvmrlaw.com
By: */s/ Robert M. Stein*
Robert M. Stein
Florida Bar No. 93936
Lauren Kain Whaley
Florida Bar No. 88670

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of August 2025, we electronically filed the foregoing with the Clerk of Court via the CM/ECF Portal, which will send notice of electronic filing to all counsel of record.

        By: */s/ Robert M. Stein*