331 FREEPORT PARTNERS, LLC,          CASE NO. 3:25-cv-00863-MCR-ZCB
a Florida Limited Liability Company

      Plaintiff,

v.

331 PARTNERS, LLC,
a Georgia Limited Liability Company,

      Defendant.

_____/

## PLAINTIFF, 331 FREEPORT PARTNERS, LLC'S, MOTION TO DISMISS COUNT I OF DEFENDANT, 331 PARTNERS LLC'S, COUNTERCLAIM

Plaintiff, 331 Freeport Partners, LLC ("Seller"), by and through their undersigned counsel and pursuant to *Fed. R. Civ. P.* 12(b)(6), hereby moves to dismiss section (ii) of Count I of defendant, 331 Partners, LLC's ("Buyer") Counterclaim [D.E. 15], and says:

## INTRODUCTION

This is the second lawsuit between Seller and Buyer relating to the Contract,[1] which governs the sale of approximately 1,000 acres of vacant land. Counterclaim at ¶¶ 4, 20. The Court resolved the first lawsuit (the "First Dec Action") on February

---

[1] All capitalized terms which are not provided with definitions in this motion shall have the meanings ascribed to them in Seller's Amended Complaint [D.E. 14] and Contract [D.E. 14-1], as applicable.

5, 2025, finding that the Contract was valid and enforceable and that the Contract's Post-Inspection Period had already begun. *See* D.E. 53, 54 in First Dec Action. Given the import of the Final Judgment that was entered more than seven months ago in the First Dec Action— and Buyer's failure to move towards a timely closing — Seller initiated this action, seeking a declaration that Buyer failed to close by the Contract's Outside Closing Date. *See* D.E. 14. In response, Buyer brought a counterclaim for declaratory relief that seeks to modify the Contract and extend the Contract's Outside Closing Date far into the future. Florida law mandates that the Court dismiss a portion of Count I of the Counterclaim for two reasons.

*First*, Buyer asks the Court for a declaration which would require the Court to rewrite the terms of the unambiguous Contract between the parties to add new provisions and apply equitable principals to override the express, agreed upon terms in the Contract. At least two of the declarations Buyer requests, *i.e.*, (a) that "Buyer is entitled to a contiguous, uninterrupted 24-month Post-Inspection Period, which will not expire until 24-months after entry of the Court's order to such effect"; and (b) that the Post-Inspection Period should be tolled based on "equitable considerations," ask the Court to redraft the Contract in a manner incompatible with Florida law. *See* Counterclaim, Count I, section ii of *ad damnum* clause.

*And second*, the Court should dismiss Count I because the declaration sought asks the Court to modify the Final Order and Final Judgment entered on February 5,

2025, in the First Dec Action. *See* D.E. 53, 54 in First Dec Action. The Court already found that the Post-Inspection Period had begun (though, admittedly, the Court did not specify precisely when such period began), yet Buyer now asks the Court to declare that the Post-Inspection Period begins on the date the Court enters judgment *in this case*. *See* Counterclaim, Count I, section ii of *ad damnum* clause. This is improper because the Declaratory Judgement Act cannot be used as a vehicle to challenge a final judgment or as a substitute for appellate remedies. Accordingly, the Court should dismiss Count I.

## MEMORANDUM OF LAW

## LEGAL STANDARD

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *In re Portofino Condo. Hurricane Sally Bad Faith Litig.,* 2025 WL 1927500, at *2 (N.D. Fla. July 14, 2025) *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The complaint must have more than "labels and conclusions, [because] a formulistic recitation of the elements of a cause of action" is not enough to make a claim plausible." *Vazquez v. City of Mexico Beach*, 2019 WL 12291641, at *3 (N.D. Fla. Aug. 26, 2019) *quoting Twombly*, 550 U.S. at 555.

Dismissal for failure to state a claim is warranted "when it appears that the [claimant] has little or no chance of success, *i.e.,* when the complaint on its face … relies on legal theories that are indisputably meritless." *Aruanno v. Martin County Sheriff,* 343 Fed. App'x 535, 536 (11th Cir. 2009) *see also Shroyer v. New Cingular Wireless Servs., Inc.,* 622 F.3d 1035, 1041 (9th Cir. 2010) *quoting Navarro v. Block,* 250 F.3d 729, 732 (9th Cir.2001) (dismissal for failure to state a claim is appropriate "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."). As detailed below, even assuming that the allegations in Count I are true, the Court should dismiss Count I because the declarations Buyer seeks are impermissible as a matter of law.

## ARGUMENT

I.  **Count I improperly asks the Court to add new provisions to the Contract and override expressly agreed, written terms in the Contract.**

In Count I, Buyer first requests a declaration that "Buyer is entitled to a contiguous, uninterrupted 24-month Post-Inspection Period, which will not expire until 24-months after entry of the Court's order to such effect." Counterclaim, Count I, section ii of *ad damnum* clause. But the Contract's plain language does not state that Buyer is entitled to an "uninterrupted" Post-Inspection Period, a "contiguous" Post-Inspection Period, or that the Post-Inspection Period should expire twenty-four months after judicial action is taken.  Buyer simply invented all three of these

provisions months after the Final Order and Judgment were issued and is asking the Court to interlineate them into the Contract to relieve Buyer of its obligation to timely close.

Buyer also alternatively requests a declaration that "the Post-Inspection [Period] will not expire until another date certain set by the Court after taking into account equitable considerations of estoppel." Counterclaim, Count I, section ii of *ad damnum* clause. And Buyer implicitly admits that it seeks to vary from the plain language of the Contract by stating that it relies on the equitable principles "of waiver and/or estoppel" to justify "tolling" the Post-Inspection Period. Counterclaim at ¶ 51.

Simply put, Buyer is asking the Court use equitable doctrines to override the clear and expressly agreed to terms of the Contract. The Contract clearly states that "in no event shall the 1st scheduled closing extend beyond a period that exceeds Twenty-Four (24) months from the expiration of the Inspection Period." Contract at Ex. A, § 5. During the summary judgment hearing in the First Dec Action, the Court noted "[t]here's nothing in the contract that says these time periods are tolled." MSJ Hearing Trans. at p. 10. Buyer's counsel confirmed this. *Id.* (where Buyer's counsel said, "Agreed, your honor.").

It is well settled law that a court cannot rewrite the clear and unambiguous terms of a contract. *Air Caledonie Int'l v. AAR Parts Trading, Inc.,* 315 F. Supp. 2d

1319, 1334 (S.D. Fla. 2004). "[W]hen the terms of a voluntary contract are clear and unambiguous, ... the contracting parties are bound by those terms, and a court is powerless to rewrite the contract to make it more reasonable or advantageous for one of the contracting parties." *Ernie Haire Ford, Inc. v. Ford Motor Co.,* 260 F.3d 1285, 1290–91 (Fla. 11th DCA 2001). Additionally, a court cannot apply equitable principles to nullify the agreed upon terms of a contract. *See Leverso v. SouthTrust Bank of AL., Nat. Assoc.,* 18 F.3d 1527, 1534 (11th Cir. 1994) *citing Home Dev. Co. v. Bursani,* 178 So.2d 113, 114, 116–118 (Fla. 1965) ("[U]nder universal contract principles judicial equitable notions cannot override unambiguous contractual rights.").

But the Contract is not ambiguous, and Buyer has failed to even allege it is so. Moreover, in the First Dec Action the Court found that "[t]he contract between the parties was valid from the outset and is still in effect." *See* D.E. 53, 54 in First Dec Action. Although the Court suggested that the Contract was "more confusing than it needs to be," the Court found that the Contract is valid and rejected arguments that it was illusory, ambiguous, and lacked essential terms. First Dec Action at D.E. 10, pp. 5-6; D.E. 43, p. 4; D.E. 53; D.E. 54.

Due to its documented lack of diligence and investment in moving towards a closing under the Contract, Buyer was ironically unprepared to prevail in the First Dec Action. Continuing the trend of irony, Buyer is now asking the Court to use

equitable doctrines to nullify or override the clear and unambiguous terms of the contract *vis-à-vis* the Outside Closing Date. However, a court cannot use equitable principles to change the basic terms of a contract negotiated by the parties.[2] *See, e.g., Buckley Towers Condo., Inc. v. QBE Ins. Corp.,* 395 F. App'x 659, 663-64 (11th Cir. 2010).

For example, in *Buckley Towers*, the court rejected the argument that equitable doctrines could be used to expand coverage under an insurance policy to require payment before expenses are incurred. *Id*. The court declined to apply the doctrine of prevention of performance because doing so would impermissibly rewrite the insurance contract based on an equitable theory that it would be too costly for the insured to comply with the policy's terms. *Id*. at 663. The court reasoned that "[t]he parties freely negotiated for that contractual provision and it is not the place of a court to red-line that obligation from the contract." *Id*.

Similarly, in *Inlet Colony, LLC v. Martindale,* the court upheld what it called a "drop dead" date on which buyers had the right to cancel a contract to purchase a home. 340 So. 3d 492, 495 (Fla. 4th DCA 2022). The contract stated that "Closing will occur [on the] later of tenants vacating the property or May 1st, 2020 [and i]n

---

[2]    At most, a court may use its equitable discretion only to alter a *court-ordered* deadline, not a deadline negotiated by the parties. *McDougal v. Comcast Corp*., 2017 WL 3726040, at *5 (S.D. Fla. Feb. 24, 2017) *citing Valley Drug Co. v. Geneva Pharm., Inc.*, 262 Fed. Appx. 215, 218 (11th Cir. 2008). However, the Outside Closing Date is a deadline negotiated by the parties, not a court-ordered deadline.

the event closing does not take place by June 1st, Buyer can cancel contract...." *Id*.

The court rejected the seller's argument that the contract provisions allowed

modification of the closing date to permit a cure period for title defects, thus allowing

for an extension of the "drop dead" date. *Id*. The court emphasized that "[c]ourts are

not authorized to rewrite clear and unambiguous contracts .... where a contract is

clear and unambiguous, it must be enforced as written." *Id. quoting Andersen*

*Windows, Inc. v. Hochberg*, 997 So. 2d 1212, 1214 (Fla. 3d DCA 2008).

Like *Buckley Towers* and *Inlet Colony*, the Contract here is unambiguous,

and Buyer has failed to plead ambiguity. Even if Buyer had a compelling equitable

argument to allow for an uninterrupted, contiguous 24-month Post-Inspection Period

or a tolling of the Post-Inspection Period, well settled law prevents the Court from

rewriting the Contract to add such provisions or overriding the agreed upon terms in

the Contract.[3] Thus, the Court should dismiss Count I of the Counterclaim because

---

[3]     Aside from the fact that there is no legal basis to support the declaration sought by Buyer, as a practical matter, Buyer's proposal for how long the 24-month Post Inspection Period should be tolled stretches the bounds of credibility. To wit, if the Court grants the relief requested, the duration of the tolling would be even longer than the 24-month Post Inspection Period itself. Although this matter is not yet ripe for the Court to enter a declaration to resolve all claims in this case, assuming, *arguendo*, that the date of filing this motion resolved all claims, under Buyer's proposal, the Post Inspection Period would be tolled by about 23 months. This is calculated by adding 18 months (as Buyer proposes tolling to begin on August 15, 2023 and end on February 5, 2025) to 5 months (as Buyer proposes tolling to restart on April 24, 2025 and end on an indefinite, arbitrary future date when "the Court enters a declaration resolving the claims in this action."). Counterclaim at ¶ 51(b).

the declaration sought would require the Court deviate from well-established law that the Court is required to follow.

## II.    Count I improperly asks the Court to modify a final judgment.

In Count I, Buyer seeks, *inter alia*, a declaration that "Buyer is entitled to a contiguous, uninterrupted 24-month Post-Inspection Period, *which will not expire until 24-months after entry of the Court's order to such effect.*" Counterclaim, Count I, section ii of *ad damnum* clause.  In other words, Buyer is asking the Court to find that the Post-Inspection Period *begins* on the date the Court enters the declaratory judgment Buyer seeks *in this case*.

However, the First Dec Action resulted in a Final Order wherein this Court expressly found that the Post-Inspection Period had *already begun.* Specifically, the Court entered an order granting final summary judgment in favor of Buyer [D.E. 53] which stated, in part, that:

> The contract between the parties was valid from the outset and is still in effect. The "trigger notice" was properly sent and timely responded to. ***The parties are now in the post-inspection period under the contract*** and the $250,000 earnest money deposit is now "at risk" if Plaintiff does not close. The parties remain obligated to abide by the terms and conditions in the contract.

(emphasis added) First Dec Action at D.E. 53, ¶ 2. The Final Order had all indicia of finality. *See* 28 U.S.C § 2201(a). Buyer did not appeal the Final Order and the time to appeal has long passed.

Under the Declaratory Judgment Act, a declaration has "the force and effect of a final judgment … and shall be reviewable as such." 28 U.S.C § 2201(a). The Declaratory Judgment Act does not provide a means whereby previous judgments by federal courts may be reexamined, nor is it a substitute for appeal remedies. *Lopez-Alvarado v. Dep't of Homeland Sec.,* 2009 WL 1543455, at *3 (M.D. Fla. June 1, 2009) *quoting Shannon v. Sequeechi,* 365 F.2d 827, 829 (10th Cir. 1966).

Declaratory relief proceedings are not intended for questioning judicial decrees already entered. Since the Court already entered the Final Order and the Clerk entered the Judgment finding that the Post-Inspection Period has already begun, Buyer's request for a declaration that Post-Inspection Period *begin* on the date the Court enters the declaratory judgment *in this case*, amounts to an improper method of challenging or appealing the Final Order and Judgment issued in the First Dec Action. Accordingly, the Court should dismiss Count I.

## CONCLUSION

As explained herein, the declaratory judgment Buyer requests is foreclosed as a matter of law. Buyer cannot cure the deficiencies identified in this motion, and therefore, amending section (ii) of Count I's *ad damnum* clause would be futile. *See Joseph v. Bernstein*, 612 F. App'x 551, 558 (11th Cir. 2015) ("[W]here a more carefully drafted complaint could not state a claim and amendment would be futile,

dismissal with prejudice is proper."). Accordingly, the Court should dismiss with prejudice section (ii) of Count I.

WHEREFORE, Seller hereby requests entry of an order dismissing with prejudice section (ii) of Count I of Buyer's Counterclaim and awarding such other and further relief as the Court deems just and proper.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(B), undersigned counsel certifies that on September 19, 2025, she conferred with counsel for Defendant, Stephen Vaughn, Esq., in a good faith effort to come to an agreement concerning the relief sought in this motion. Defendant does not agree to the relief sought in this motion.

## CERTIFICATE REGARDING MEMORANDUM

Pursuant to Local Rule 7.1(F), undersigned counsel certifies that the Memorandum of Law contained herein contains approximately 2,460 words.

DATED: September 22, 2025

Respectfully submitted,

**RENNERT VOGEL MANDLER
& RODRIGUEZ, P.A.**
*Attorneys for 331 Freeport
Partners, LLC*
Miami Tower, Suite 2900
100 S.E. Second Street
Miami, Florida 33131
Telephone (305) 577-4177
servicerobertstein@rvmrlaw.com
servicelaurenwhaley@rvmrlaw.com

By: */s/ Lauren Kain Whaley*
    Robert M. Stein
    Florida Bar No. 93936
    Lauren Kain Whaley
    Florida Bar No. 88670

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 22nd day of September 2025, we electronically filed the foregoing with the Clerk of Court via the CM/ECF Portal, which will send notice of electronic filing to all counsel of record.

By: */s/ Lauren Kain Whaley*