**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

CASE NO. 3:25-cv-00863-TKW-ZCB

331 FREEPORT PARTNERS, LLC,
a Florida Limited Liability Company

Plaintiff,

v.

331 PARTNERS, LLC,
a Georgia Limited Liability Company,

Defendant.
_________________________________/

**331 PARTNERS, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO 331 FREEPORT PARTNERS, LLC'S MOTION TO COMPEL**

Defendant 331 Partners, LLC ("Buyer") hereby submits this memorandum of law in opposition to Plaintiff 331 Freeport Partners, LLC's ("Seller") Motion to Compel [D.E. 61] (the "Motion") stating as follows:

## INTRODUCTION

The Court should deny the Motion for two reasons. First, the Motion does not comply with Local Rule 26.1(D) because it does not quote the discovery requests verbatim and set out the reasons why discovery should be compelled. Second, all of the documents that are the subject of the Motion have either been produced or do not exist. Accordingly, the Motion should be denied.

## ARGUMENT AND CITATION TO AUTHORITY

**A. The Motion Does Not Comply with Local Rule 26.1(D)**

A motion to compel filed in this district "must, for each discovery request at issue: (1) quote the discovery request verbatim; (2) quote each objection specifically directed to the discovery request; and (3) set out the reasons why the discovery should be compelled." L.R. 26.1(D). "This failure alone justifies denial of the motion." *Montoya v. Morgan*, No. 3:16-cv-00092-MCR/EMT, 2017 WL 10635664, at *2 (N.D. Fla. Dec. 6, 2017) (denying motion to compel for failure to comply with local rules). Merely attaching the RFPs and responses in their entirety is not sufficient to comply with L.R. 26.1(D). *See Montoya*, 2017 WL 10635664, at *1–2. Seller's Motion fails to satisfy L.R. 26.1(D) and, therefore, should be denied.

**B. Responses to Seller's Specific Requested Discovery Materials.**

Seller's Motion lists twelve (12) specific categories of discovery materials it seeks to compel. Buyer responds to each of those categories in turn.

1. A phone call Carll secretly tape recorded between himself and Seller's representatives (Lawrence Pecan, Esq. and Daniel Hayes, Esq.) after the Court entered the declaratory judgment in the First Declaratory Action;

   a. Buyer has conducted a search of the documents and records in its possession, custody, and control and determined that these requested recordings do not exist.

2. All other phone calls, meetings, or communications with Seller's representatives which were recorded by Carll;
   a. Buyer has conducted a search of the documents and records in its possession, custody, and control and determined that these requested recordings do not exist.
3. Recorded phone calls, meetings, or communications with the City of Freeport concerning the Property or the Contract;
   a. Buyer has conducted a search of the documents and records in its possession, custody, and control and determined that these requested recordings do not exist.
4. Carll's biography;
   a. Buyer has produced these documents which are in its possession custody and control.
5. A letter from Frontline Capital Partners regarding its commitment to fund Buyer's purchase of the property;
   a. Buyer contends these materials are irrelevant to the case at hand. Contracts with third-parties that would not assist in the interpretation of the Vacant Land Contract are not relevant. *See Herman v. Seaworld Parks & Ent. Inc.*, No. 8:14-cv-3028-T-35JSS, 2016 WL 3746421, at *2 (M.D. Fla. July 13, 2016) (collecting cases that refused to compel

agreements with third parties in contract interpretation cases). Nevertheless, Buyer has produced these documents which are in its possession, custody, or control.

6. Agreements, correspondence, or other documents concerning Frontline Capital Partners funding the purchase of the property;
    a. Buyer contends these materials are irrelevant to the case at hand. Contracts with third-parties that would not assist in the interpretation of the Vacant Land Contract are not relevant. *See Herman v. Seaworld Parks & Ent. Inc.*, No. 8:14-cv-3028-T-35JSS, 2016 WL 3746421, at *2 (M.D. Fla. July 13, 2016) (collecting cases that refused to compel agreements with third parties in contract interpretation cases). Nevertheless, Buyer has produced these documents which are in its possession, custody, or control.
7. Documents showing expenses Buyer incurred to complete steps toward obtaining a development order for the Property;
    a. Buyer has produced these documents.
8. Documents showing the lost potential revenue Buyer is seeking from Seller as damages in this case;
    a. Buyer has produced these documents or they were already in Seller's possession.

9. All other documents supporting Buyer's damages calculations;
    a. Buyer has produced these documents.
10. Documents concerning Buyer's agreement with Valor Communities concerning the Property, including a contract between Buyer and Valor Communities, letter of intent, and termination documents;
    a. Buyer contends these materials are irrelevant to the case at hand. Contracts with third-parties that would not assist in the interpretation of the Vacant Land Contract are not relevant. *See Herman v. Seaworld Parks & Ent. Inc.*, No. 8:14-cv-3028-T-35JSS, 2016 WL 3746421, at *2 (M.D. Fla. July 13, 2016) (collecting cases that refused to compel agreements with third parties in contract interpretation cases). Nevertheless, Buyer has produced these documents.
11. Documents showing the date and cost of Buyer updating the title insurance policy for the Property;
    a. Buyer has produced these documents.
12. The native format of an email Carll sent to Seller's principal, Taylor Collins, on December 31, 2025 concerning the property;
    a. Buyer has produced this document.

Seller also requested notes created by Buyer's expert, Keith Dantin. Buyer has produced these notes.

## **CONCLUSION**

The Court should deny Seller's Motion in its entirety because it fails to adhere to this District's requirements for motions to compel. Even if the Court reaches the merits of the Motion, the Court should deny it because (1) Buyer has already produced documents responsive to the requests and (2) Buyer has confirmed certain documents do not exist. For these reasons, the Court should deny the Motion in its entirety.

This 14th day of August, 2026

*/s/Stephen M. Vaughn*
Stephen M. Vaughn
Georgia Bar No. 219482
Admitted to practice in the NDFL
Samuel E. Marticke
(*Pro Hac Vice*)
TAFT STETTINIUS & HOLLISTER, LLP
3343 Peachtree Rd. NE, Suite 1600
Atlanta, Georgia 30326
svaughn@taftlaw.com
(404) 364-7422

*Attorneys for Defendant 331 Partners, LLC.*

**CERTIFICATE OF SERVICE**

I certify that this document has been served upon the undersigned counsel via the Court's ECF system.

ROBERT M. STEIN
servicerobertstein@rvmrlaw.com
LAUREN K. WHALEY
servicelaurenwhaley@rvmrlaw.com
RENNERT VOGEL MANDLER & RODRIGUEZ, P.A.
*Attorneys for 331 Freeport Partners, LLC*
Miami Tower, Suite 2900
100 S.E. Second Street
Miami, Florida 33131
Telephone (305) 577-4177

Respectfully submitted,

*/s/Stephen M. Vaughn*
Stephen M. Vaughn
Georgia Bar No. 219482
Admitted to practice in the NDFL
TAFT STETTINIUS & HOLLISTER, LLP
3343 Peachtree Rd. NE, Suite 1600
Atlanta, Georgia 30326